FILED

UNITED STATES DISTRICT COURT

2003 OCT 20  P 4: 35

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEON WALKER | : PRISONER |
| | : |
| V. | : CIV. NO. 3:02CV1015 (CFD)(WIG) |
| | : |
| COUNSELOR DICKSON | : OCTOBER 17, 2003 |

### THE DEFENDANT'S LOCAL RULE 56(A)(1) STATEMENT

Pursuant to Local Rule 56, the defendant submits this statement of facts as to which he contends there are no genuine issues to be tried.

1. The plaintiff is an inmate confined to the custody of the Connecticut Department of Corrections ("DOC"). (Ex. A.)

2. The plaintiff filed a habeas corpus action in Connecticut Superior Court challenging the computation of the length of his sentence, specifically the amount of credit the plaintiff was given for time served in jail awaiting sentencing. That case is Walker v. Warden, CV-00-003424 (Superior Court, Rockville). (Ex. B.) Walker v. Warden is the subject of the within federal lawsuit.

3. The plaintiff was represented by Attorney Kenneth Fox in Walker v. Warden. (Ex. C.)

4. On July 26, 2001, the plaintiff was discharged from custody, for time served, from the DOC. (Ex. A.)

5.      On August 16, 2001, Assistant Attorney General Ann Lynch, representing the Warden in <u>Walker v. Warden</u>, moved to dismiss the case on the ground that the plaintiff had been discharged from the custody of the DOC and the case was therefore moot. (Ex. D.)

6.      The Superior Court held a hearing on the motion to dismiss on October 11, 2001. At that hearing, Judge David Barry granted the Warden's motion to dismiss, but gave the plaintiff the opportunity to reopen:

> MS. LYNCH: What Mr. Fox told me is that he's been trying to contact Mr. Walker for the past two weeks and has been unable to do so.
>
> What he suggested, if this is amendable to the Court, is that the Court grant my motion to dismiss without prejudice to him moving to reopen it within the next three weeks, and if he's still unable to get hold of Mr. Walker after three weeks, then obviously that would – you know, it's only without prejudice for the three weeks. In other words, he's got three weeks to reopen it.
>
> * * *
>
> THE COURT: The suggestion of Mr. Fox is adopted. The matter is dismissed without prejudice, meaning that it can be reopened within the next three weeks, and that would be - -
>
> THE CLERK: November 1st, Your Honor
>
> THE COURT: Yes. The petitioner will have until November 1st of this year to reopen the case. If he does not, the matter is then dismissed automatically.

(Ex. E.)

7.      On October 24, 2001, the plaintiff was readmitted to the custody of the DOC on a different charge. (Ex. A.)

8.      On October 30, 2001, the plaintiff, represented by counsel, moved to open the dismissal entered on October 11, 2001. This motion was timely. (Ex. F.)

2

9. On November 19, 2001, the court denied the motion, holding that "the court finds that the matter is moot. Court also finds that it does not have jurisdiction because the petitioner had been discharged. Judgment of dismissal with prejudice is entered due to the passage of time." (Ex. G.)

10. The plaintiff appealed the Superior Court's ruling to the Appellate Court. The Appellate Court dismissed the appeal because the plaintiff failed to file a memorandum. (Ex. H.)

11. The plaintiff did not lose the case of Walker v. Warden as a result of his alleged inability to "maintain contact" with his attorney.

                                         DEFENDANT
                                         Counselor Dickson

                                         RICHARD BLUMENTHAL
                                         ATTORNEY GENERAL

BY: _____
Neil Parille
Assistant Attorney General
Federal Bar No. #Ct.15278
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5593
Neil.Parille@po.state.ct.us

3

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 17th day of October 2003 to:

Keon Walker, Inmate No. 204588
Enfield Correctional Institution
289 Shaker Road, P.O. 1500
Enfield, CT 06083-1500

Neil Parille
Assistant Attorney General