UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEON WALKER | : PRISONER |
| | : |
| V. | : CIV. NO. 3:02CV1015 (CFD)(WIG) |
| | : |
| COUNSELOR DICKSON | : OCTOBER 17, 2003 |

**THE DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant moves for summary judgment against the plaintiff's claims. The plaintiff – an inmate confined to the custody of the Connecticut Department of Correction ("DOC") – has failed to demonstrate the existence of a material issue of fact on his claim of lack of access to courts. In addition, any claims against the defendant in his official capacity are barred by the Eleventh Amendment to the United States Constitution.

I.  FACTS

This is a pro se 42 U.S.C. § 1983 civil rights action in which the plaintiff, an inmate confined to the custody of the DOC and currently incarcerated in Connecticut, seeks damages for the alleged violation of his right to access the courts. The plaintiff names as defendant Counselor Dickson, an employee of the DOC.

The plaintiff's allegations are not completely clear. However, he appears to allege that while confined to the Hartford Correctional Center, he needed to make calls to his private

attorney who was representing himself in his habeas corpus action. A review of the State Court dockets indicates that the plaintiff has two habeas corpus action, both of which the plaintiff is represented by counsel. Since the calls in question took place in October 2001 according to the complaint, the undersigned assumes that the case at issue is Walker v. Warden, CV-00-003424 (Superior Court, Rockville) ("Walker v. Warden"). (The plaintiff's other habeas action was not filed until 2002.)

The plaintiff filed Walker v. Warden in September 2000 alleging that he had not been credited the full amount of time spent in jail awaiting sentencing on a 1999 arrest. He requested that he be given 77 additional days credit. (Ex. B.) The plaintiff was represented by Attorney Kenneth Fox. (Ex. C.) The plaintiff was incarcerated at the time he filed the lawsuit. (Ex. A.) On July 26, 2001, the DOC discharged the plaintiff from custody, for time served. (Ex. A.)

On August 16, 2001, the Assistant Attorney General representing the Warden, Ann Lynch, moved to dismiss the case on the ground that the plaintiff had been discharged from custody and the case was therefore moot. (Ex. D.) On October 11, 2001, the Superior Court held a hearing on the Warden's motion to dismiss. Superior Court Judge David Barry granted the Warden's motion to dismiss, but gave the plaintiff the opportunity to reopen:

> MS. LYNCH: What Mr. Fox told me is that he's been trying to contact Mr. Walker for the past two weeks and has been unable to do so.
>
> What he suggested, if this is amenable to the Court, is that the Court grant my motion to dismiss without prejudice to him moving to reopen it within the next three weeks, and if he's still unable to get hold of Mr. Walker after three weeks, then obviously that would – you know, it's only without prejudice for the three weeks. In other words, he's got three weeks to reopen it.

\* \* \*

THE COURT: The suggestion of Mr. Fox is adopted. The matter is dismissed without prejudice, meaning that it can be reopened within the next three weeks, and that would be - -

THE CLERK: November 1st, Your Honor

THE COURT: Yes. The petitioner will have until November 1st of this year to reopen the case. If he does not, the matter is then dismissed automatically.

(Ex. E.)

On October 24, 2001, the plaintiff was readmitted to the custody of the DOC on a different charge. (Ex. A.)

On October 30, 2001, the plaintiff timely moved to open the dismissal entered on October 11, 2001. (Exs. F, C.) On November 19, 2001, the Superior Court denied the motion, holding that "the court finds that the matter is moot. Court also finds that it does not have jurisdiction because the petitioner had been discharged. Judgment of dismissal with prejudice is entered due to the passage of time." (Ex. G.) The plaintiff appealed the Superior Court's ruling to the Appellate Court. The Appellate Court dismissed the appeal because the plaintiff failed to file a memorandum. (Ex. H.)

On July 10, 2002, the plaintiff instituted the within federal action. According to the plaintiff, he was not permitted to make a telephone call in private on October 30, 2001 to his attorney. It is unclear if he holds the defendant, or a Counselor Evans responsible for this problem. In addition, he states the next day that he wanted to call his attorney, and Counselor Dickson placed a collect call to his attorney "that enable[d] me to keep the contact that I needed with my lawyer." (Complaint.) However, the plaintiff appears to contend that the attorney did not accept the collect call. (Id.)

II.   STANDARD OF REVIEW

Summary judgment is appropriately granted when evidentiary records show that there are no genuine issues of <u>material</u> fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247-48 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . [and] it should be interpreted in a way that allows it to accomplish this purpose." <u>Celotex v. Catrett</u>, 477 U.S. 317, 323, 324 (1986).

While the Court must view the facts presented in the light most favorable to the party opposing the motion, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a Motion for Summary Judgment." <u>Knight v. U.S. Fire Ins. Co.</u>, 804 F.2d 9, 12 (2d Cir. 1986), <u>cert. denied</u>, 480 U.S. 932 (1987). Additionally, "mere conclusory allegations or denials in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." <u>Quinn v. Syracuse Model Neighborhood Corp.</u>, 613 F.2d 438, 445 (2d Cir. 1990). Once the movant has met his burden, "the nonmoving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his favor." <u>Goenaga v. March of Dimes Birth Defects Foundation</u>, 51 F.3d 14, 18 (2d Cir. 1995).

III. <u>ARGUMENT</u>

    A.    Summary Judgment is Appropriate in Favor of the Defendant Because
           <u>The Plaintiff Has was not Harmed by Any Conduct of the Defendant</u>

The plaintiff's only claim concerns an alleged deprivation of his right of access to courts as a result of the alleged unwillingness of the defendant to permit him to make certain telephone calls. The plaintiff does not allege that he lost his habeas corpus case as a result of any actions by the defendant, nor does he allege that he was unable to contact his attorney by mail or by a visit.

The plaintiff's claim is fundamentally flawed. The United States Supreme Court has placed strict limitations on denial of access claims by inmates against prison officials. In order to state a claim for denial of access to courts, the plaintiff must allege and prove actual injury. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996).

It is evident from the plaintiff's factual narrative that he has not suffered any injury as the result of the alleged actions of Counselor Dickson. The plaintiff merely states that his alleged inability to contact his attorney caused "problems" with his habeas case. He does not allege that he lost the action due to these "problems." The U.S. Constitution does not guarantee that an inmate maintain problem-free litigation. In any event, a review of the pleadings in <u>Walker v. Warden</u> shows that the petitioner suffered no harm as a result of any inability to maintain contact with his attorney. The Superior Court dismissed the plaintiff's habeas petition on October 11, 2001 without prejudice, giving the plaintiff until November 1, 2001 to reopen. The plaintiff's attorney filed a timely motion to reopen on October 30. The court denied the motion to reopen because the case had become moot due to the plaintiff's having been discharged in July 2001. If the plaintiff's alleged inability to maintain contact with his attorney prevented the attorney from

5

filing a timely motion to reopen, the plaintiff might have a claim that he suffered harm as a result of the alleged conduct by Counselor Dickson. However, the motion was timely and the Superior Court made its decision on the merits. The plaintiff then pursued an appeal, which was dismissed due to his failure to file a brief.

B.  The Defendant is Immune From Suit in his Official Capacity

To the extent that this claim survives summary judgment, it is well established that the plaintiff may not maintain actions against a defendant in his official capacity due to the Eleventh Amendment to the United States Constitution. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

IV. CONCLUSION

For the reasons set forth above, the plaintiff has failed to demonstrate the existence of material issues of fact concerning the claims raised in his complaint. The undersigned respectfully urges that the motion for summary judgment be granted in the defendant's favor.

                DEFENDANT
                Counselor Dickson

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL

BY: _____
      Neil Parille
      Assistant Attorney General
      Federal Bar No. #Ct.15278
      110 Sherman Street
      Hartford, CT 06105
      Tel.: (860) 808-5450
      Fax: (860) 808-5593
      Neil.Parille@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid, this 17th day of October 2003 to:

Keon Walker, Inmate No. 204588
Enfield Correctional Institution
289 Shaker Road, P.O. 1500
Enfield, CT 06083-1500

_____
Neil Parille
Assistant Attorney General