UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEON WALKER | : | |
| | : | PRISONER |
| v. | : | Case No.  3:02cv1015(CFD) |
| | : | |
| COUNSELOR DICKSON | : | |

RULING AND ORDER

Plaintiff, Keon Walker, an inmate confined at the State of Connecticut Enfield

Correctional Institution, commenced this civil rights action against defendant "Counselor

Dickson," who is a Connecticut Corrections Counselor at the State of Connecticut Hartford

Corrections Center ("HCC").  Walker alleges that Counselor Dickson denied him access to the

courts when he and another HCC counselor would not leave their office to permit him to speak to

his attorney in private on the telephone.  Walker also alleges that Dickson placed a collect call on

his behalf to his attorney the following day, but the attorney would not accept the call.

Dickson has filed a motion for summary judgment.  By order filed October 22, 2003, the

court informed Walker of his obligation to respond to Dickson's motion for summary judgment.

Walker was cautioned that failure to respond to the order within twenty-one days would result in

the dismissal of this case.  To date, Walker has not responded to the order or communicated with

the court in any way.  For the reasons that follow, Dickson's motion is granted.

I.      Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that

there are no genuine issues of material fact in dispute and that it is entitled to judgment as a

matter of law.  See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). A court must grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . .'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

To defeat a motion for summary judgment that is supported by documentary evidence and sworn affidavits, a plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). He "must come forward with enough evidence to support a jury verdict in [his] favor, and the motion will not be defeated merely ... on the basis of conjecture or surmise." Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir.1992) (citation and internal quotation marks omitted). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). See also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992).

Where one party is proceeding pro se, the court reads the pro se party's papers liberally

and interprets them to raise the strongest arguments suggested therein.  See Burgos v. Hopkins,

14 F.3d 787, 790 (2d Cir. 1994).  Despite this liberal interpretation, however, a "bald assertion,"

unsupported by evidence, cannot overcome a properly supported motion for summary judgment.

Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.     Facts[1]

In November 2000, Walker filed a petition for writ of habeas corpus in the Connecticut

Superior Court challenging the amount of time credited to his state sentence for time spent in jail

awaiting sentencing.  Walker was represented by counsel in that habeas action.

On July 26, 2001, Walker was discharged from the custody of the Connecticut

Department of Correction for time served in the case he was challenging in his state habeas

petition.  On August 16, 2001, the respondent in that habeas action moved to dismiss the case on

the ground that Walker's discharge rendered the case moot.  At the October 11, 2001 hearing on

respondent's motion, the court learned that Walker's attorney had been trying for two weeks to

contact Walker, but had been unsuccessful and was not present for the hearing.  The court

granted the motion to dismiss but, at Walker's counsel's request (which was communicated to

the Court by respondent's counsel), gave Walker the opportunity to reopen the case by November

1, 2001.  The court stated that if no motion to reopen were filed, the dismissal would become

final on November 1, 2001.

---

[1]The facts are taken from Defendant's Local Rule 56(a)1 Statement [doc. #22] and exhibits attached to defendant's memorandum [doc. #23].  Because the statement is unopposed, the facts are deemed admitted.  See D. Conn. L. Civ. R. 56(a)1.

On October 24, 2001, Walker was readmitted to the custody of the Department of

Correction on unrelated charges.  On October 31, 2001, Walker's counsel filed a motion to

reopen the dismissal of the state habeas action.  The Superior Court denied the motion on

November 19, 2001, on the ground that Walker's discharge had rendered the petition moot.

Although Walker filed an appeal of the dismissal of the habeas action, he failed to submit a

memorandum in accordance with the Connecticut Appellate Court's order and the appeal was

dismissed.

As mentioned, Walker has alleged here that he was not permitted by Counselor Dickson

to receive a telephone call at HCC from his attorney in the state habeas action in private in

Dickson's office on October 30, 2001.  However, the next day, Walker alleges, Dickson placed a

collect call to Walker's attorney for Walker, but the attorney would not accept it.

III.    Discussion

Dickson argues that Walker has not shown an actual injury to support his access to the

court's claim.

In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court clarified what is

encompassed in an inmate's right of access to the courts and what constitutes standing to bring a

claim for the violation of that right.  The Court held that to show that the defendants violated his

right of access to the courts, an inmate must allege facts demonstrating an actual injury stemming

from the defendants' unconstitutional conduct.  See id. at 349.  As an illustration, the Court noted

that if an inmate were able to show that, as a result of the defendant's action, he was unable to

file an initial complaint or petition, or that the complaint he filed was so technically deficient that

it was dismissed without a consideration of the merits of the claim, he could state a claim for

denial of access to the courts.  See id. at 351.  The Court, however, specifically disclaimed any

requirement that prison officials ensure that inmates have sufficient resources to discover

grievances or litigate effectively once their claims are brought before the court.  See id. at 355.

Dickson has filed a copy of the state court records indicating that Walker's attorney filed

a timely motion to reopen the dismissal of the state habeas action on October 31, 2001.  Despite

specific notice from the court, Walker has not presented any contrary evidence.  That Walker's

motion to reopen was ultimately unsuccessful, without more, does not support a claim of denial

of access to the courts.  Because Walker has presented no evidence in opposition to Dickson's

evidence, he fails to meet his burden.  Defendant's motion for summary judgment is granted.

IV.    Conclusion

Defendant's motion for summary judgment [**doc. #21**] is **GRANTED**.  The Clerk is

directed to enter judgment in defendant's favor and close this case.

**SO ORDERED** at Hartford, Connecticut, this   21st   day of September  2004.


 /s/ CFD
Christopher F. Droney
United States District Judge